**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

Southern District of Texas

Case number (*If known*): _____

Chapter you are filing under:
☐ Chapter 7
☑ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**

Texmark Chemicals, Inc.

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**

46-0363757

**4. Debtor's address**

Principal place of business

900 Clinton Drive
Number      Street

PO Box 67

Galena Park            TX      77547
City                          State    ZIP Code

Harris County
County

Mailing address, if different from principal place of business

_____
Number      Street

_____
P.O. Box

_____
City            State    ZIP Code

Location of principal assets, if different from principal place of business

_____
Number      Street

_____

_____
City            State    ZIP Code

**5. Debtor's website (URL)**

www.texmark.com

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Official Form 201      Voluntary Petition for Non-Individuals Filing for Bankruptcy      page 1

Debtor __Texmark Chemicals, Inc._____ Case number *(if known)*_____
                Name

7. **Describe debtor's business**

   A. *Check one:*
   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ☑ None of the above

   B. *Check all that apply:*
   ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/ .
   __325900__

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   *Check one:*
   ☐ Chapter 7
   ☐ Chapter 9
   ☑ Chapter 11. *Check **all** that apply*:

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☑ No
   ☐ Yes.  District _____  When _____  Case number _____
                                                              MM / DD / YYYY
                District _____  When _____  Case number _____
                                                              MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ☑ Yes.  Debtor __Chemical Exchange Industries, Inc.__  Relationship __Parent__
                 District __S.D. Texas__  When _____
                                           MM / DD / YYYY
                 Case number, if known _____

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page **2**

Debtor  Texmark Chemicals, Inc.  
———————————————————————————  
Name

Case number (if known) _____

| | |
|---|---|
| **11. Why is the case filed in *this district*?** | *Check all that apply:*<br>☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☑ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?**  (*Check all that apply.*)<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>   What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br><br>**Where is the property?** _____<br>   Number   Street<br>_____<br>_____<br>City                                                                State      ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes. Insurance agency _____<br>           Contact name _____<br>           Phone _____ |

### Statistical and administrative information

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>☑ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14. Estimated number of creditors** | ☐ 1-49            ☐ 1,000-5,000         ☐ 25,001-50,000<br>☐ 50-99           ☐ 5,001-10,000        ☐ 50,001-100,000<br>☐ 100-199         ☐ 10,001-25,000       ☐ More than 100,000<br>☑ 200-999 |
| **15. Estimated assets** | ☐ $0-$50,000              ☐ $1,000,001-$10 million       ☐ $500,000,001-$1 billion<br>☐ $50,001-$100,000         ☑ $10,000,001-$50 million      ☐ $1,000,000,001-$10 billion<br>☐ $100,001-$500,000        ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion<br>☐ $500,001-$1 million      ☐ $100,000,001-$500 million    ☐ More than $50 billion |

Official Form 201            Voluntary Petition for Non-Individuals Filing for Bankruptcy            page 3

| Debtor | Texmark Chemicals, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☑ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  09/18/2023
             MM   / DD  / YYYY

✘ /s/ Douglas H. Smith          Douglas H. Smith
Signature of authorized representative of debtor    Printed name

Title  CEO

**18. Signature of attorney**

✘ /s/ Joseph Epstein            Date  09/18/2023
Signature of attorney for debtor         MM   / DD  / YYYY

Joseph Epstein
Printed name

Joseph G. Epstein PLLC
Firm name

24 Greenway Plaza 970
Number       Street

Houston                 TX        77046
City                    State     ZIP Code

713-222-8400            joe@epsteintexaslaw.com
Contact phone           Email address

06639320 Texas          TX
Bar number              State

Official Form 201        Voluntary Petition for Non-Individuals Filing for Bankruptcy        page 4

Texmark Chemicals, Inc.

Debtor _____    Case number (*if known*)_____

First Name    Middle Name    Last Name

## Continuation Sheet for Official Form 201

**10) Pending Bankruptcies**

```
Texmark Properties,   S.D. Texas
 Inc.

CXI Solvents, L.P.    S.D. Texas

CXIS Management LLC   S.D. Texas
```

Official Form 201                    **Voluntary Petition for Non-Individuals Filing for Bankruptcy**



# TEXMARK CHEMICALS, INC.

## RESOLUTIONS OF THE BOARD OF DIRECTORS

### AUGUST 29, 2023

The undersigned, being all of the members of the Board of Directors ("***Board***") of TEXMARK CHEMICALS, INC., a Texas corporation ("***Company***"), DO HEREBY CONSENT to the taking of the following actions and DO HEREBY ADOPT the following resolutions pursuant to the Company's bylaws and the Texas Business Organizations Code ("***TBOC***").

WHEREAS, the Board has considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, creditors, and other parties in interest; and

WHEREAS, the Board has had the opportunity to consult with the Company's management, and financial and legal advisors to consider fully each of the strategic alternatives to the Company.

NOW THEREFORE, BE IT RESOLVED, that in the judgement of the Board, it is desirable and in the best interests of the Company, its creditors, employees, stockholders, and other interested parties, that the Company commence a chapter 11 case by filing a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") and to negotiate and obtain a loan from the DAVID M. SMITH & CHARIS SMITH FAMILY TRUST and/or potential participation in the loans currently existing from Sallyport Commerical Finance, LLC (the "***Senior Lender***") to the Company, in order to provide liquidity to the Company and pay certain operating and reorganization costs associated with the commencement of bankruptcy proceedings;

*FURTHER RESOLVED*: that Douglas H. Smith and David McNiel (collectively, the "***Authorized Officers***") be, and each hereby is, authorized and empowered on behalf of, and in the name of, the Company to execute and verify or certify a petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "***Bankruptcy Court***") at such time as said Authorized Officer executing the same shall determine (the "***Chapter 11 Case***");

*FURTHER RESOLVED*: that each of the Authorized Officers, and such other officers or designated employees of the Company as the Authorized Officers shall from time to time designate, be, and each hereby is, authorized and empowered on behalf of, and in the name of, the Company to execute and file all petitions, schedules, lists and other papers and to take any and all action that any Authorized Officer may deem necessary, proper or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of the Chapter 11 Case;

*FURTHER RESOLVED*: that each of the Authorized Officers are authorized and directed to employ the law firm Joseph G. Epstein PLLC, 24 Greenway Plaza, Suite 970, Houston, Texas 77046, as lead reorganization counsel for the Company in connection with instituting and maintaining the Chapter 11 Case and carrying out its duties under the Bankruptcy Code, and to take all actions to advance the Company's rights and obligations; and each of the Authorized Officers, with the power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Joseph G. Epstein PLLC;

*FURTHER RESOLVED*: that each of the Authorized Officers are authorized and directed to employ the law firm The Towber Law Firm, PLLC, 1111 Heights Blvd., Houston, Texas 77008, as co-reorganization counsel for the Company in connection with instituting and maintaining the Chapter 11 Case and carrying out its duties under the Bankruptcy Code, and to take all actions to advance the Company's rights and obligations; and each of the Authorized Officers, with the power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of The Towber Law Firm, PLLC;

*FURTHER RESOLVED*: that each of the Authorized Officers are authorized and directed to employ the investment banking and financial advisory firm Chiron Financial LLC, 1301 McKinney, Suite 2800, Houston, Texas 77010, as investment banker and financial advisor for the Company in connection with instituting and maintaining the Chapter 11 Case and carrying out its duties under the Bankruptcy Code, and to take all actions to advance the Company's rights and obligations; and each of the Authorized Officers, with the power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Chiron Financial LLC;

*FURTHER RESOLVED*: that each of the Authorized Officers, and such other officers of the Company as the Authorized Officers shall from time to time designate, be, and each hereby is, authorized and empowered on behalf of, and in the name of, the Company to retain and employ other attorneys, investment bankers, accountants, restructuring professionals, financial advisors and other professionals to assist in the Chapter 11 Case on such terms as such officers deem necessary, proper or desirable; and each of the Authorized Officers, with the power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain such other professionals;

*FURTHER RESOLVED*: that in connection with the commencement of the Chapter 11 Case by the Company, the Authorized Officers of the Company, and such other officers of the Company as the Authorized Officers shall from time to time designate, be, and each hereby is, authorized and empowered on behalf of, and in the name of, the Company, to negotiate, execute and deliver a debtor-in-possession loan facility and/or a cash collateral arrangement (including, in connection therewith, such notes, security agreements and other agreements or instruments as such officer or officers executing the same may consider necessary, proper or desirable), including, but not limited to, the granting of superpriority administrative claims and priming liens, such determination to be conclusively evidenced by such execution or the taking of such

action, and to consummate the transactions contemplated by such agreements or instruments on behalf of the Company;

*FURTHER RESOLVED*: that each of the Authorized Officers, and such other officers of the Company as the Authorized Officers shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized and empowered to cause the Company, as management deems appropriate, to enter into, execute, deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates and other documents, and to take such other actions, as in the judgement of such officers, shall be or become necessary, proper and desirable to prosecute to a successful completion the Chapter 11 Case, to effectuate the restructuring of the debt, other obligations, organizational form and structure, consistent with the foregoing resolutions and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions;

*FURTHER RESOLVED*: that, in addition to, and without limiting in any manner, the authority granted by the foregoing resolutions, the officers of the Company be, and each of them with full authority to act without the others hereby is, authorized, empowered and directed, for and in the name and on behalf of the Company, (a) to take, or cause to be taken, all such further action, (b) to do and perform, or cause to be done and performed, all such acts and things, (c) to execute and deliver, or cause to be executed and delivered, all such further papers, documents and instruments of any type and description, and (d) to pay, or cause to be paid, any and all fees, charges and costs of any type or description, all of which as may be, or may be deemed to be, necessary or advisable or desirable to effect the purposes and intent of the actions authorized and approved in the resolutions set forth above, the necessity, advisability, desirability and propriety of which shall be conclusively evidenced by any of such officer's taking, or causing to be taken, any such action, doing and performing, or causing to be done or performed, any such act or thing, executing and delivering, or causing to be executed and delivered, any such papers, documents or instruments, or paying, or causing to be paid, any such fees, charges and costs; and the execution by any of such officers of any such papers, documents or instruments, or the doing by any of them of any act or thing in connection with any of the matters or things contemplated by, arising out of or in connection with, or otherwise relating to in any manner whatsoever, the subject of the resolutions set forth above, shall conclusively establish their authority therefor from the Company and the approval and ratification by the Company of any and all papers, documents and instruments so executed and delivered and any and all action so taken, done or performed; and all actions of any nature whatsoever heretofore taken by each of the officers, directors, agents, attorneys and other representatives of the Company incidental to, contemplated by, arising out of or in connection with, or otherwise relating to in any manner whatsoever, the subject of the resolutions set forth above be, and the same hereby are, authorized, approved, ratified, confirmed and adopted in all respects; and

*FURTHER RESOLVED*: that the Company shall be authorized to negotiate and obtain a loan from the DAVID M. SMITH & CHARIS SMITH FAMILY TRUST (*"Trust"*), and/or a participation interest in the Senior Lender's credit facility, in order to provide liquidity to the Company and pay certain operating and reorganization costs associated with the commencement of bankruptcy proceedings, with such loan to be documented by a promissory note and related loan instruments, and authorize the officers of the Company to execute and deliver such instrument.

*FURTHER RESOLVED*: that the term of Rory M. Moran as an officer of the Company expired following his resignation in June 2020.

*IN WITNESS WHEREOF*, each of the undersigned, being a director of the Board of the Company, has signed his or her name below as of the date first set forth above.

_____
David J. McNiel

_____
Charis W. Smith

_____
Douglas H. Smith



# TEXMARK CHEMICALS, INC.

## RESOLUTIONS OF THE BOARD OF DIRECTORS

### SEPTEMBER 15, 2023

The undersigned, being all of the members of the Board of Directors ("*Board*") of TEXMARK CHEMICALS, INC., a Texas corporation ("*Company*"), DO HEREBY CONSENT to the taking of the following actions and DO HEREBY ADOPT the following resolutions pursuant to the Company's bylaws and the Texas Business Organizations Code ("*TBOC*").

WHEREAS, on August 29, 2023, the Board adopted resolutions that the Company commence a chapter 11 case by filing a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") and taking such other action as may be required to commence a Chapter 11 case (the "*Chapter 11 Case*") and authorize the Authorized Officers of the Company to take all required actions as set forth in the resolutions adopted at such time; and

WHEREAS, as one of the conditions to obtain DIP Financing from Briar Capital Real Estate Fund, LLC and Sallyport Commercial Finance, LLC (the "*DIP Financing Lenders*"), Company must engage a Chief Restructuring Officer ("*CRO*") acceptable to the DIP Lenders and the Company, and the appointment of such CRO as an Officer of the Company to exercise powers as an Authorized Officer under the bylaws of the Company and the TBOC; and

WHEREAS, the Board has had the opportunity to consider the qualifications of certain employees of Chiron Financial LLC and evaluate the skills and experience of such employees to perform the duties of CRO, and have consulted with the Company's management, the DIP Financing Lenders, the Company's financial and legal advisors as to the person best suited under the circumstances to serve in the CRO in the Chapter 11 case.

NOW THEREFORE, BE IT RESOLVED, that in the judgement of the Board, it is desirable and in the best interests of the Company, its creditors, employees, stockholders, and other interested parties, that the Company appoint Christopher J. Mudd as an Officer for the Company, who shall be have such duties and responsibilities customarily associated with the role of a CRO (as more fully described in the scope of duties in the Chiron Engagement Supplement of even date to these resolutions), and hereby is, authorized and empowered on behalf of, and in the name of, the Company to execute and file all petitions, schedules, lists and other papers and to take any and all action that any Authorized Officer may deem necessary, proper or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of the Chapter 11 Case.

[Signature Page Follows]

- 2 -

*IN WITNESS WHEREOF*, each of the undersigned, being a director of the Board of the Company, has signed his or her name below as of the date first set forth above.

_____
David J. McNiel

_____
Charis W. Smith

_____
Douglas H. Smith

United States Bankruptcy Court

IN RE: Case No._____

Texmark Chemicals, Inc.
_____ Chapter  11 _____

## LIST OF EQUITY SECURITY HOLDERS

| Registered name and last known address of security holder | Shares (Or Percentage) | Security Class (or kind of interest) |
|---|---|---|
| Chemical Exchange Industries, Inc. PO Box 67, Galena Park, TX 77547 | 100 | Common stockholder |